WENTWORTH, Judge.
The appellant, Public Defender for the Second Judicial Circuit, seeks review of a final order and judgment holding that the appellee, Comptroller for the State of Florida, was not responsible for the payment of insurance premiums for death benefits for appellant’s full-time investigators. We affirm.
Appellant was informed by letter on November 9, 1984, that appellee would no longer pay the insurance premiums which had previously been paid for his investiga-. tors. Appellant sought a declaratory judgment to determine whether appellee was responsible for paying the premiums pursuant to § 112.19, Florida Statutes (1983), and § 112.1904, Florida Statutes (1984 Supp.). Section 112.19(l)(c) provides:
112.19 Law enforcement officers; death benefits.—

(c) The term ‘law enforcement officer’ means a full-time officer, deputy, agent or employee of an employer, whether elected at the polls, appointed or employed, whose duties require him to enforce criminal laws, make investigations relating thereto, apprehend and arrest violators thereof or transport, handle or guard persons arrested for, charged with or convicted of violations thereof, (emphasis supplied)
Section 112.1904(1) provides:
112.1904 Law enforcement officers unlawfully and intentionally killed in performance of duties; death benefits.— (1) As used in this section, the term ‘law enforcement officer’ means a full-time officer or employee of the state or any political subdivision of the state, including any correctional officer, whose duties require such officer or employee to investigate, pursue, apprehend, arrest, transport, or maintain custody of persons who are charged with, suspected of committing, or convicted of a crime; and the term includes any member of a bomb disposal unit whose primary responsibility is the location, handling, and disposal of explosive devices, (emphasis supplied)
Appellant’s argument here is, in essence, that public defender investigators are within the literal terms of the statutes because they (concededly) perform some of the functions listed, and because the statutes’ disjunctive terms do not require that all such duties be performed. Those terms do not, in fact, require any of the tests referenced by the trial court in denying coverage, i.e., public defender investigators do not have the power of arrest, need not meet certification standards of the Criminal Justice Standards Training Commission, *36 are not designated “high hazard” employees under § 122.34(l)(b), Florida Statutes, and are not required to use firearms.
Although we agree that the specific grounds cited for ejection cannot reasonably be written into the statute without legislative action, and that the statutory language does not require performance of all listed functions, we conclude against appellant because his investigators, whatever their activities may be, are clearly not required to act primarily for law enforcement purposes.[1] Each of the statutory duties listed must, of course, be read and considered in conjunction with the term being defined. When so read; we agree with the determination by the trial court that the employees in question are not law enforcement officers for this statutory purpose. Legislative clarification, however, would appear to be in order.[2]
Affirmed.
SHIVERS and WIGGINTON, JJ., concur.

. Appellant argues the similarity of risks faced by his investigators, and the equity of similar insurance protection for them, and the order herein references pending legislation for that purpose.

. Florida Attorney General Opinions 77-24 and 83-94.